BRIAN MELVIN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
Nos. 447, 2008, 449, 2008
Supreme Court of Delaware.
Submitted: December 31, 2008.
Decided: February 12, 2009.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 12th day of February 2009, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On June 6, 2008, the defendant-appellant, Brian Melvin, pled no contest to one count of first degree rape. The Superior Court immediately sentenced Melvin to fifteen years at Level V imprisonment to be followed by ten years of probation. Thereafter, Melvin sought to withdraw his plea, which the Superior Court denied. This is Melvin's consolidated direct appeal from his criminal sentencing and the denial of his motion to withdraw his plea.
(2) Melvin's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Melvin's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Melvin's attorney informed him of the provisions of Rule 26(c) and provided Melvin with a copy of the motion to withdraw and the accompanying brief. Melvin also was informed of his right to supplement his attorney's presentation. He filed a letter with his counsel indicating that he no longer wished to pursue an appeal. The State has responded to the positions taken by Melvin and his counsel and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]
(4) This Court has reviewed the record carefully and has concluded that Melvin's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Melvin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Melvin could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[*] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).